# IN THE COURT OF APPEALS OF IOWA

No. 21-0293
Filed July 21, 2021

**IN THE INTEREST OF R.B.,**
**Minor Child,**

**A.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

A mother appeals the termination of her parental rights to her two-year-old son. **AFFIRMED.**

Rebecca C. Sharpe of Aitken, Aitken & Sharpe, P.C., Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jack E. Dusthimer, Davenport, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

A mother, Aleecia, appeals the juvenile court order terminating her parental rights to two-year-old R.B. She challenges two of the four statutory grounds for termination, alleges termination was not in her son's best interests, and asserts the Iowa Department of Human Services (DHS) failed to provide vital services, such as "parenting and relationship education." She also asks for more time for reunification. After fully considering her claims, we see no reason to reverse the termination order.[1]

The DHS intervened at R.B.'s birth in July 2018. Aleecia had been using methamphetamine during her pregnancy. The juvenile court did not adjudicate the child in need of assistance, as Aleecia entered treatment and cooperated with safety services. But eight months later, in March 2019, Aleecia relapsed and was incarcerated on drug charges. As a result, the DHS sought removal of R.B. from his parents. He has been in foster care since then.

Aleecia left prison in six months and moved to a work release center, where she showed progress toward sobriety and independence. In the spring of 2020, she found work and rented an apartment. These events led the court to give Aleecia more time to reunify with R.B.[2] But the push toward reunification hit a wall. Aleecia missed scheduled visits and a DHS-mandated drug test. In November,

---

[1] We review orders to terminate parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). De novo review means we examine the entire record and resolve the issues anew. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). The juvenile court's fact findings do not bind our decision, but they deserve careful consideration. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).
[2] The guardian ad litem (GAL) for R.B. petitioned for termination of parental rights in June 2019.

she was arrested on charges of felon in possession of a firearm and three counts of drug possession.

Aleecia was incarcerated on those charges at the time of the February 2021 termination hearing. She acknowledged in her remote testimony that she could not then resume custody of R.B. because of her incarceration. After that hearing, the juvenile court terminated her parental rights under Iowa Code section 232.116(1), paragraphs (b), (e), (h), and (*l*) (2019).[3] Aleecia timely petitioned on appeal.

Aleecia contends the juvenile court erred in terminating her parental rights under section 232.116(1)(b) and (e). Her petition leaves the remaining two statutory grounds unchallenged. Aleecia's failure to address those subsections waives any claim of error related to those grounds. *See In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014) (citing *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.")). With that in mind, we affirm based on clear and convincing evidence supporting termination under section 232.116(1)(h). *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) (reiterating we can affirm termination order on any ground supported by the juvenile court record).

Also in her petition, Aleecia contends termination was not in R.B.'s best interests and the juvenile court's order should be reversed because of the closeness of their mother-son relationship. *See* Iowa Code §§ 232.116(2), (3)(c). The record does not support Aleecia's contentions. We analyze a

---

[3] The court also terminated the rights of R.B.'s father, who like Aleecia was incarcerated at the time of the hearing. The father is not a party to this appeal.

child's best interests under the framework in section 232.116(2). *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). That provision considers the child's safety, as well as the best placement for furthering his "long-term nurturing and growth" and his "physical, mental, and emotional condition and needs." Iowa Code § 232.116(2). Under that framework, we may also consider the child's integration into his foster family. *See id.* § 232.116(2)(b). The record shows R.B. has special needs, including speech delays. The foster parents have sought out resources to address those needs. R.B. feels comfortable in their home and is bonded with them. As the juvenile court noted, Aleecia could not care for her son while incarcerated, and it was not in his best interests to wait for her to resolve her new criminal entanglements and substance-abuse lapses. *See W.M.*, 957 N.W.2d at 314 ("This is exactly the sort of case where we must not deprive a child of permanency on the hope [the parent] will get better.").

In the next issue raised in her petition, Aleecia asserts the DHS did not make reasonable efforts toward reunification. As defined by statute, "reasonable efforts" are measures that "make it possible for the child to safely return to the family's home." Iowa Code § 232.102(12)(a). Aleecia claims the DHS and the service providers did little to help her develop parenting and relationship skills. Aleecia points to her lack of role models growing up, asserting, "At no time has [she] had any positive examples of how to be a parent or how to make good choices in general." Given her circumstances, she insists "[t]he provider could have been instrumental in assisting [her] regarding positive relationships and parenting." Granted, the record shows the case worker "sent monthly curriculums

to the prison where Aleecia was incarcerated." But Aleecia complains that giving her "paperwork to read" was not a reasonable effort.

The State contends Aleecia did not preserve this reasonable-efforts challenge for appeal. We agree. Aleecia fails to identify a point in the proceedings when she questioned the provider's approach to sharing parenting skills or made any request for more specific services to allow R.B. to return to her care. *See In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994). While the DHS must provide reasonable reunification services, parents must demand different or additional services before the termination hearing. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). Aleecia did not make that demand. Besides, as the juvenile court explained, the DHS offered an array of services, including parenting education and visits between the child and Aleecia while she was in prison. We do not find a lack of reasonable efforts as a valid reason to reverse this termination order.

Finally, we address Aleecia's request for more time to reunify with her son. A court may delay permanency for six months under Iowa Code section 232.104(2)(b), if the need for removal would no longer exist after that time. Iowa Code § 232.117(5); *In re A.A.G.*, 708 N.W.2d 85, 89 (Iowa Ct. App. 2005). The juvenile court delayed termination once. But Aleecia squandered that opportunity by engaging in criminal conduct. We decline her request for another extension.

**AFFIRMED.**